UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REX FORD, JR.,

      Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.,

      Defendant.

CASE NO.  4:14-cv-_____-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, REX FORD, JR., (hereinafter "FORD"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendant, PUBLIX SUPER MARKETS, INC., (hereinafter or "PUBLIX"), and states:

### JURISDICTION

1.     FORD invokes this Court's jurisdiction under Title 28 U.S.C. § 1331 on grounds that this action arises under 29 U.S.C. §§ 207, 216, and under 42 U.S.C. § 1981, which prohibit the non-payment of overtime wages and prohibit unlawful employment discrimination, respectively.

2.     The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to Title 28 U.S.C. §

1391(b).  A substantial part of the events giving rise to these claims occurred in Leon County, Florida.

**PARTIES**

3.     The Plaintiff, REX FORD, JR., is an African-American, male citizen of Leon County, Florida, residing at 6311 South Placid Place, Tallahassee, Florida, 32303.  At all times pertinent, FORD was employed by PUBLIX as an Assistant Produce Manager at its Store #1306, Public at Village Square, located at 3521 Thomasville Road, Tallahassee, Florida 32309, and Store #689, Publix at Capital Circle, located at 2111 Capital Circle NE, in Tallahassee, Florida 32308.

4.     The Defendant, PUBLIX SUPER MARKETS, INC., is a Florida corporation, organized and existing in the state of Florida at its Principal Address of 3300 Publix Corporate Pkwy, Lakeland, FL 33811-3311 and conducting business at Store #689 and Store #1306, both located in Tallahassee, Leon County Florida.  At all times relevant, PUBLIX was responsible for the operation of Stores #689 and #1306.

**STATEMENT OF THE CASE**

5.     In 1995, FORD began his employment with PUBLIX in Stuart, Florida, before he eventually transferred to a store in Tallahassee, Florida, in 2002.

6.     On or about February 14, 2004, FORD was promoted to Assistant Produce Manager at PUBLIX Store #689 and was issued at Fluctuating Work Agreement form, which stated that FORD would receive overtime pay for hours worked beyond 40 hours each week, by Publix District Manager, John Boatwright.  The form included a formula to calculate the

2

amount of overtime compensation: (a) Base Salary divided by Number of Hours Worked equals Regular Rate; (b) Regular Rate multiplied by (Overtime Hours divided by 2) equals Overtime Pay. FORD's direct Supervisor was Frederick Kinch, a Caucasian male.

7.      On December 18, 2006, Managers Frederick Kinch and Melissa Collins issued FORD an Associate Counseling Statement ("ACS"). The ACS alleges that FORD repeatedly arrived at work tardy and changed his schedule in the computer to make it appear as if he had arrived on time. The ACS also states that FORD insisted that he made changes to his schedule for business reasons rather than to cover tardiness.

8.      All Managers at PUBLIX must have at least 10 hours between their shifts. This policy sometimes mandates a schedule change when, for example, an Assistant Produce Manager has to work later than originally scheduled and is scheduled to return to work within 10 hours.

9.      In December 2006, John Turdaloo, a Caucasian male, was a Produce Clerk at PUBLIX Store #689. On days when Turdaloo called in sick, sometimes FORD would have to stay late to close the store himself. This sometimes resulted in FORD having to change his schedule for the following day by delaying his arrival time until the required 10-hour period had passed.

10.      Other Caucasian Managers at Store #689, including, but not limited to, Loretta Blackburn, have repeatedly changed their schedules to comply with this 10-hour policy without being disciplined. This is a common practice whenever a Manager has to close unexpectedly.

3

11. The Fluctuating Work Week Agreement formula always results in receiving less than time-and-a-half for hours worked in excess of 40.

12. PUBLIX did not inform FORD at the time he signed the Fluctuating Work Week Agreement that FORD's weekly Number of Hours Worked typically would be 50 or more, thereby resulting in reduced overtime compensation.

13. On February 1, 2013, PUBLIX Store #1306 Manager, Frederick Kinch, issued FORD a Notice of Discharge. The reasons for termination include two instances in which FORD allegedly took a lunch break without clocking out.

14. Caucasian Managers at PUBLIX Store #1306 occasionally have failed to clock out for lunch breaks without being disciplined, including, but not limited to, Scott Maphus and Scott Bussy.

15. FORD has been unable to secure employment since PUBLIX terminated him from employment.

**COUNT I**
**Unlawful Racial Discrimination in Employment**
**in Violation of Title 42 U.S.C. § 1981**

16. FORD re-alleges and incorporates Paragraphs 1 through 15, as if set forth in full herein.

17. FORD, as an African-American, is a member of a protected class and should not have been treated differently than Caucasian employees.

18. FORD was well qualified for his position as Assistant Produce Manager.

4

19.    FORD suffered adverse employment actions, including termination, because of FORD's race.

20.    The actions of PUBLIX and/or its agents give rise to an inference of discrimination because Caucasian Managers were not written up or terminated from employment for engaging in behavior very similar to FORD's.

21.    The disparate treatment of Ford, by PUBLIX and/or its agents, was based on race discrimination and PUBLIX and/or its agents intentionally sought to treat FORD different that similarly-situated members of another race.

22.    PUBLIX and/or its agents engaged in discriminatory acts with malice or with reckless indifference to FORD's federally-protected rights. The discriminatory practice of PUBLIX and/or its agents affected the terms and conditions of FORD's employment.

23.    The reason(s) for termination of FORD's employment offered by PUBLIX are a pretext for racial discrimination against FORD.

24.    As a direct and proximate result of the violation of FORD's rights, FORD has suffered and continues to suffer economic damages and is entitled to compensatory damages, including, but not limited to: Loss of actual and potential income, emotional distress, mental anguish, mental pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation, and loss of savings and benefits.

25.    As a result of the discriminatory actions by PUBLIX and/or its agents, FORD has been forced to hire an attorney to protect his rights and, as such, is entitled to recover reasonable attorney fees and costs for bringing this action.

## COUNT II
### Failure to Pay Time-and-a-Half for Overtime in Violation of the Fair Labor Standards Act (hereinafter "FLSA")

26.     FORD re-alleges and incorporates paragraphs 1 through 15, as if set forth in full herein.

27.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commercial enterprises.  29 U.S.C. § 207(a)(1).

28.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.  PUBLIX is, and was, subject to this requirement.

29.     PUBLIX violated the FLSA by calculating an overtime rate that automatically decreases as an employee passes the 40-hour mark.  The formula PUBLIX uses calculates "regular rate" by dividing "base salary" by "number of hours worked."

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, REX FORD, JR., respectfully demands judgment against the Defendant, PUBLIX SUPER MARKETS, INC., and requests this Honorable Court for entry of an Order making FORD whole by awarding him the following relief:

A.    Ordering Defendant to reinstate the Plaintiff to his former position;

B.    Actual damages in an amount to be determined at trial;

C.    Compensatory damages in an amount to be determined at trial;

D.    Liquidated damages in an amount to be determined by the Court;

E.    Punitive damages in an amount to be determined at trial;

F.    Plaintiff's disciplinary record expunged;

G.    All attorney fees and costs of this action;

H.    Any such other and further relief as this Court deems just and equitable.

Plaintiff respectfully requests a trial by jury.

## VERIFICATION

I affirm under the penalty of perjury that the allegations contained in the foregoing

document are true and correct to the best of my personal knowledge, information and belief.

_____
REX FORD, JR.


Respectfully submitted,


_____
GARY LEE PRINTY
FL BAR ID NO.: 363014
Attorney at Law
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211

Attorney for Plaintiff
REX FORD, JR.

8